# Wagner et ux. *v.* Pittsburgh & West End Pass. Ry., Appellant.

*Negligence—Street railways—Repair of streets—Turnpike—Question for jury—Evidence.*

In an action against a street railway company to recover damages for personal injuries alleged to have been caused by the dangerous condition of a turnpike road occupied by defendant's tracks, it is proper to submit the case to the jury, where there is evidence that the repairs of the road out of which the injury grew were under the immediate charge of the officers of the defendant, although paid for by the turnpike company, and that the railway was in actual operation by the company at the time of the accident.

In such case it was the duty of the railway company to give adequate warning to the public of the dangerous condition of the road.

Argued Oct. 24, 1893. Appeal, No. 87, Oct. T., 1893, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1891, No. 151, on verdict for plaintiffs, Matthew Wagner and wife, in right of wife. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and THOMPSON, JJ

Trespass for personal injuries.    Before McClung, J.

At the trial it appeared that some time previous to the accident, the Chartiers & Robinson Turnpike Co. was engaged in the work of rebuilding and raising its bridge over Corks Run, and that this work rendered it necessary to lift the tracks of the street railway for a short distance on either side of the bridge to meet the change in the elevation of the bridge. Early in the morning of July 21, 1891, plaintiff and her son were driving along the turnpike, and had reached a point near the Corks Run bridge, where the work was still in progress, when the front wheels of the wagon dropped down between the tracks into the excavation made by the removal of cobblestones, and plaintiff was thrown from the wagon and injured. Plaintiff claimed that the repairs were being made under the direction of defendant's officers. William J. Burns, defendant's superintendent, testified as follows : " Q. Do you know who made those repairs ? A. The repairs were made by the Chartiers & Robinson Township Turnpike Company. Q. Was that the name of the Old Turnpike Company ? A. Yes, sir. Q. The repairs were made under your direction, weren't they ? A. They were made under the direction of the Turnpike Company—all those repairs. Q. All those repairs were made under the direction of the Turnpike Company ? A. Yes, sir. Q. The Turnpike Company were laying the rails to run the cars ? A. They were building a bridge there and they raised it up probably eighteen inches higher than it was before, and they had to take up the roadway to get their new construction, or bridge, or superstructure in, and they were doing all the work connected with it. Q. Who superintended and controlled that work ? A. Well, I directed part of it. Q. You directed part of it ? A. Yes, sir. Q. You had control of it ? A. By the order of the board, yes, sir. Q. Wasn't the work done by men employed by the Pittsburgh & West End Railroad Company ? A. Yes, sir. Q. Everything that was paid was paid by the Turnpike Company ? A. Yes, sir. Q. But you had control of the work ; superintended it ? A. The engineer had the general supervision of it. Q. But it was done under your direction, as superintendent of this Passenger Railway Company ? A. Yes, sir ; partially so. Q. And rails were laid for your cars to run on ? A. Yes, sir. . . . Q. The men doing that work were under your control,

weren't they?   A. They were under the engineer's and mine."
He also testified that during the progress of the repairs the
track was in use by defendant company.

It did not appear that there was any light or barricade to
warn or keep off travelers from the dangerous part of the road.

Defendant's points were among others as follows:

" 2. There is no evidence that the injuries complained of
were caused by the negligence of the defendant, the Pittsburgh
& West End Passenger Railway Company, and the verdict
must be for the defendant."   Refused. [1]

3. Request for binding instruction.   Refused. [2]

Verdict and judgment for plaintiff for $500.   Defendant ap-
pealed.

*Errors assigned* were (1, 2) instructions, quoting them.

*George C. Wilson*, for appellant, cited: Improvement Co. v.
Rhoads, 116 Pa. 380 ; Ry. v. Ketchum, 122 Pa. 228.

*James K. Wallace, J. R. Braddock* with him, for appellee.

PER CURIAM, November 13, 1893:

It is no doubt true that it was competent for defendant com-
pany to show that the injury complained of was due to the
negligence of others; but, unfortunately for it, there was evi-
dence that the repairs, out of which the injury grew, were un-
der the immediate charge of its officers while the railway was
in actual operation by the company.   The public had a right,
and, it appears, was accustomed to use the tracks in common
with defendant; and, if the track was put in such a condition
as to render it dangerous to public travel, it was the duty of
those having charge to give adequate warning.   Others may
have been culpably negligent; but there was certainly evi-
dence which justified submission of the question of defendant
company's negligence to the jury.   Neither of the specifica-
tions of error is sustained.

Judgment affirmed.